UNITED STATES BANKRUPTCY COURT
IN THE WESTERN DISTRICT OF MICHIGAN

IN THE MATTER OF:

SPIECH FARMS, LLC,                                         Case No.: 17-05398
                                                           Chapter 11 - Filed: 11/22/2017
    Debtor.
_____/ /

SPIECH FARMS, LLC,

    Plaintiff,

v.                                                         Adversary No.:  17-80

PRODUCE PAY, INC.,

    Defendant .
_____/ /

## COMPLAINT

**NOW COMES** Spiech Farms, LLC ("Debtor"), by and through its attorneys, Rayman & Knight, and for its Complaint ("Complaint"), hereby states as follows:

## JURISDICTION

1.    On November 22, 2017 ("Petition Date") the Debtor filed for protection under Chapter 11 of the United States Bankruptcy Code ("Code").

2.    Since the Petition Date, the Debtor has operated its business as Debtor-in-Possession pursuant to §§ 1107 & 1108 of the Code.

3.    This Court has jurisdiction over this Adversary Proceeding pursuant to 11 U.S.C. §§ 105, 547(b), 550, 551, 28 U.S.C. §§157(a) and (b) and 1334, and the various other applicable provisions of the Bankruptcy Code, Bankruptcy Rules and the laws of the United States of America.

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 & 1409 as this Adversary Proceeding arises in and relates to the Chapter 11 Bankruptcy proceeding styled *In Re: Spiech Farms, LLC,* Case No.: 17-05398.

5. This Adversary Proceeding is a Core proceeding pursuant to 28 U.S.C. §157(b)(2) in which this Court is authorized and empowered to enter appropriate Orders and Judgments, subject to review under 28 U.S.C. §158. The Debtor consents to the Court's entry of a final judgment in this matter.

## GENERAL ALLEGATIONS

6. The Debtor ("Plaintiff") is authorized, pursuant to 11 U.S.C. § 1107, and empowered to file, prosecute and/or settle all causes of actions including, without limitation, actions pursuant to 11 U.S.C. §544 *et seq.*

7. Produce Pay, Inc. ("Defendant") transacted business with the Debtor prior to the Petition Date and claims a lien in all of the assets of the Debtor.

8. The Debtor is a major provider of fresh and frozen blueberries, asparagus, and grapes.

9. The Debtor was in need of financing to aid in its grape harvest this fall.

10. As set forth in the attached Distribution Agreement[1], the Defendant holds itself out as a provider of "an online software Platform to provide alternative financing for distributors and producers of Produce" alternative financing. (*See*, Page 1). The Distribution Agreement reiterates its true nature as a financing agreement on Page 2: "**THE PLATFORM**  The Company has developed and made available an online software platform to provide alternative financing for

---

[1] *See*, Exhibit "A".

produce growers and distributors that operated in the following manner (which manner of operation may be changed by Company from time to time in its sole discretion)".

11. The Defendant loaned the Debtor the approximate sum of $1,100,000.00 which the Debtor utilized in its grape harvest.

12. According to the Debtor's records, it still owes the Defendant the sum of $460,927.98.

13. The Defendant filed the attached UCC Financing Statement[2] which claims to have a lien in the following assets:

> EXHIBIT A COLLATERAL DESCRIPTION ATTACHMENT TO UCC-1 FINANCING STATEMENT The Distributed Asset Pool, as that term is defined in the Distribution Agreement, dated as of August 18, 2017 by and between Secured Party/Assignee and Debtor/Assignor (as amended or restated from time to time, the "Prepayment Agreement"), that Secured Party/Assignee purchases from time to time from Debtor/Assignor pursuant to the Prepayment Agreement, and all cash collections from, and all proceeds of, the foregoing.

14. The Distribution Agreement does not grant a security interest of any kind to the Defendant.

15. The Distribution Agreement claims that the Defendant takes title to certain assets (produce) but never takes possession. In fact, the Distribution Agreement requires, through various provisions, that the Debtor act as the owner of the produce in every conceivable manner including the non-exclusive examples:

    a. the Debtor must "store any Produce inventory in accordance with the highest industry practice in order to preserve and protect the produce." (P. 7, § 4.2(a)).

    b. the Debtor "shall be responsible for all promotional and marketing

---

[2] *See*, Exhibit "B".

        activities that the Distributor [Debtor] undertakes related to the sales and distribution of the Produce." (P. 7, § 4.3)).

    c.    the Debtor is responsible for selling the Produce and reporting the same to the Defendant. (p. 8 § 4.5).

    d.    the Debtor must indemnify the Defendant from any claim resulting from the sale of the Produce. (P. 9 § 5.4(a)(i));

    e.    the Debtor must indemnify the Defendant from any tax assessed with respect to the sales not paid by the Debtor. (P. 9 § 5.4(a)(ii));

    f.    the Debtor suffers risk of loss with respect to any product liability or recall costs and must indemnify the Defendant from the same. (P. 9 § 5.4(a)(iv));

    g.    the Debtor is also the "warrantor or grantor of the safety, operation and performance of the Produce" (P. 9 § 5.4).

    h.    "sales, excise, value-added, withholding, and other taxes, . . . shall be the responsibility of the Distributor [Debtor]." (P. 12 § 6.7).

    i.    "The Distributor [Debtor] shall bear all default risk of any purchaser of the Produce. As such, Distributor [Debtor] shall compensate Company [Defendant] based on the first invoiced Gross Sale Proceeds even if a grocer, retailer or other purchaser or end user defaults on payment after having taken possession of the Produce."

    j.    the Debtor must maintain insurance on the Produce. (P16-17 §10.12).

16.     The Distribution Agreement is what it describes itself as, a financing agreement.

17.     The Distribution Agreement attempts to circumvent prior lien positions, but the Defendant is simply an unsecured creditor.

18.     It is appropriate that this Court treat the Defendant as an unsecured creditor.

**COUNT I**
**DECLARATORY RELIEF**
**PURSUANT TO 11 U.S.C. § 544**

19.     Plaintiff hereby realleges and incorporates by reference the allegations contained

in the preceding paragraphs of this Complaint as though fully set forth herein.

20. The Distribution Agreement is a disguised financing agreement which fails to grant a security interest in assets of the Debtor.

21. The Distribution Agreement is clearly a financing agreement as the above illustrations in ¶¶ 10 & 15 establish.

22. That the Debtor, as the purported distributor, bore all the risks of ownership under the Distribution Agreement.

23. The Distribution Agreement is structured as a financing agreement and it is its stated purpose.

24. The Debtor was required to repay what it borrowed with interest.

25. The Distribution Agreement is a financing agreement.

26. The Distribution Agreement should be found to be a financing agreement.

**WHEREFORE,** your Plaintiff prays for relief as further set forth herein.

**COUNT II
AVOIDANCE OF SECURITY INTEREST IN EQUIPMENT
PURSUANT TO 11 U.S.C. § 544**

27. Plaintiff hereby realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

28. The Defendant is a creditor of the Debtor.

29. The Defendant was not granted a security interest via the Distribution Agreement, yet it has claimed a lien.

30. The Plaintiff, as of the Petition Date, had the rights and powers of a creditor with a judicial lien on all of the assets of the Debtor.

31. The Defendant's security interest is invalid as no lien was granted by the Debtor.

32. The Plaintiff status of "lien creditor", pursuant to 11 U.S.C. §544(a), with respect to the assets of the Debtor is superior to and takes free of any security interest in the assets claimed as security by the Defendant.

**WHEREFORE,** your Plaintiff prays for relief as further set forth herein.

### COUNT III
### AVOIDANCE OF SECURITY INTEREST IN ALL ASSETS OF DEBTOR PURSUANT TO 11 U.S.C. § 544

33. Plaintiff hereby realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

34. The Defendant is a creditor of the Debtor.

35. The Defendant was not granted a security interest in the assets of the Debtor via the Distribution Agreement, yet it has claimed a lien.

36. The Plaintiff, as of the Petition Date, had the rights and powers of a creditor with a judicial lien on all of the assets of the Debtor.

37. The Defendant's security interest is invalid as no lien was granted by the Debtor.

38. The Plaintiff's status of "lien creditor", pursuant to 11 U.S.C. §544(a), with respect to all of the assets of the Debtor, is superior to and takes free of any security interest in the Debtor's assets held by Defendant.

**WHEREFORE,** your Plaintiff prays for relief as further set forth herein.

### COUNT IV
### AVOIDANCE AND PRESERVATION OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. § 547(b)

39. Plaintiff hereby realleges and incorporates by reference the allegations contained

in the proceeding paragraphs of this Complaint as though fully set forth herein.

40. Within ninety (90) days prior to the Petition Date, the Debtor made transfers of interest of the Debtor in property to or for the benefit of the Defendant in the aggregate amount of at least $640,037.10 as set forth in the attached Exhibit "C" ("Transfers").

41. Each of the Transfers were made for or on account of an antecedent debt owed by the Debtor to the Defendant before each of the Transfers were made.

42. Each of the Transfers were made while the Debtor was insolvent.

43. The Transfers enabled the Defendant to receive more than it would have received if the Debtor's Chapter 11 proceeding was a case under Chapter 7 of Title 11 of the United States Code, the Transfers had not been made, and the Defendant received payment of such debt owed by the Debtor to the extent provided by the applicable provisions of Title 11 of the United States Code.

44. Plaintiff is entitled to avoid the Transfers as preferential transfers pursuant to 11 U.S.C. §547(b) for the preservation and benefit of the estate pursuant to 11 U.S.C. § 551.

**WHEREFORE,** your Plaintiff prays for relief as further set forth herein.

### COUNT V
### RECOVERY AND TURNOVER OF VALUE OF
### AVOIDED TRANSFERS PURSUANT TO 11 U.S.C. 542 AND 550

45. Plaintiff hereby realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

46. Upon avoidance of the Transfers as preferential transfers under Count I of this Complaint, the Plaintiff is entitled to recover the value of the Transfers from Defendant as an initial transferee pursuant to 11 U.S.C. §550.

47. Pursuant to 11 U.S.C. §542, the Plaintiff is entitled to turn over the value of the avoided Transfers as property of the estate pursuant to 11 U.S.C. §541(a)(4).

**WHEREFORE,** your Plaintiff prays for Judgment against the Defendant as follows:

A. That this Court avoid the Transfers to the Defendant and accord such other relief as is appropriate;

B. That this Court enter a Judgment in favor of the Plaintiff and against the Defendant in the sum of $640,037.10, plus costs, with interest at the Federal Statutory rate from the date the Complaint is filed until the Judgment is paid in full;

C. That this Court disallow any and all claims filed by the Defendant or any amounts owed to Defendant pursuant to 11 U.S.C. §502(d) until the Transfers described herein has been returned by Defendant to the estate;

D. That this Court declare that the Distribution Agreement is a finance agreement;

E. That this Court avoid any claimed security interest the Defendant claims in the assets of the Debtor for the preservation and benefit of the estate pursuant to 11 U.S.C. § 551;

F. That this Court declare that the Distribution Agreement is unenforceable as a matter of law; and

G. That this Court order such other relief as it finds just and equitable.

Respectfully submitted,

**RAYMAN & KNIGHT**
Attorneys for Plaintiff/Debtor

Dated: November 22, 2017           By: _____/s/_____
                                        Cody H. Knight (P64811)

BUSINESS ADDRESS:
141 East Michigan Avenue, Suite 301
Kalamazoo, MI 49007
Telephone (269) 345-5156